IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**PAMELA J. MCFARLIN,**

        Plaintiff,

        v.

**CAL-WESTERN RECONVEYANCE et al.,**

        Defendants.

No. 3:11-cv-00215-MO

OPINION AND ORDER

**MOSMAN, J.**,

      This dispute arises out of a nonjudicial foreclosure. On February 14, 2012, defendant CitiMortgage, Inc. filed a motion for summary judgment [65] on plaintiff Pamela McFarlin's claims for wrongful foreclosure and breach of contract. Shortly after I granted summary judgment on both claims, the Oregon Court of Appeals issued its decision in *Niday v. GMAC Mortgage, LLC*, 251 Or. App. 278, 284 P.3d 1157 (2012). In light of the *Niday* decision, Ms. McFarlin has filed a motion to reconsider [98] my order [94] granting summary judgment in favor of CitiMortgage. I now GRANT IN PART and DENY IN PART Ms. McFarlin's motion for reconsideration. The motion is granted insofar as it relates to my holding that Oregon law does not recognize a cause of action for wrongful foreclosure. Otherwise, it is denied.

1 – OPINION AND ORDER

**DISCUSSION**

In the Ninth Circuit, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Although Ms. McFarlin presents no newly discovered evidence and identifies no clear error, she argues that the *Niday* decision constitutes a change in controlling law that requires me to reconsider my order granting summary judgment on both her claim for wrongful foreclosure and her claim for breach of contract. I agree only in part.

**I.    Wrongful Foreclosure**

In *Niday*, the Oregon Court of Appeals found that "the 'beneficiary' of a trust deed under the Oregon Trust Deed Act is the person designated in that trust deed as the person to whom the underlying loan repayment obligation is owed." 251 Or. App. at 281, 284 P.3d at 1159. Adopting this interpretation of "beneficiary," the court determined that Mortgage Electronic Registration Systems, Inc. ("MERS") was not a statutory beneficiary because the borrower owed no obligations to MERS. Consequently, the court concluded, "[a] beneficiary that uses MERS to avoid publicly recording assignments of a trust deed cannot avail itself of a nonjudicial foreclosure process that requires that very thing—publicly recorded assignments." *Id.* at 301, 284 P.3d at 1169. Absent relevant precedent from the Oregon Supreme Court, I must follow this decision. *See Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007).

In granting CitiMortgage's motion for summary judgment, I held that Oregon law provided no cause of action for wrongful foreclosure. (Tr. [100] at 27–28.) However, the *Niday*

decision suggests that Oregon may in fact recognize such a cause of action. Accordingly, I reverse my holding in response to the change in controlling law.

## II. Breach of Contract

In granting CitiMortgage's motion for summary judgment, I assumed there had been a breach of contract. Notwithstanding this breach, however, I found no damages in the record before me. As a result of this finding, I granted summary judgment on Ms. McFarlin's breach of contract claim. (*Id*. [100] at 28.) The *Niday* decision does not alter my analysis, and the record remains unchanged. Therefore, I deny Ms. McFarlin's motion to reconsider this holding.

## III. CitiMortgage's Motion for Summary Judgment

Despite the reversal of my holding with regards to the existence of a cause of action for wrongful foreclosure, I continue to grant CitiMortgage's motion for summary judgment. The potential existence of a cause of action for wrongful foreclosure does not remedy the absence of damages in the record before me. My finding of a lack of damages in the record requires summary judgment in favor of CitiMortgage not only on Ms. McFarlin's claim for breach of contract but also on her potential claim for wrongful foreclosure, since the two claims are based on the same operative facts. Consequently, I continue to grant CitiMortgage's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Ms. McFarlin's motion for reconsideration is GRANTED IN PART and DENIED IN PART. Furthermore, I continue to grant CitiMortgage's motion for summary judgment.

IT IS SO ORDERED.

DATED this ___19th___ day of October, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge
